BGW#: 101933

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
*Richmond Division*

| | |
|---|---|
| IN RE:<br>Cheryl J. Davis, aka Cheryl James Smith<br>Richard Anthony Smith, aka Richard A. Smith<br>    Debtor(s) | Case No. 10-32472-KRH<br><br>Chapter 13 |

_____
Beneficial Mortgage Co. of Virginia
    Movant

v.

Cheryl J. Davis aka Cheryl James Smith
Richard Anthony Smith aka Richard A. Smith
    Debtor/Respondent

and
Carl M. Bates
    Trustee/Respondent
_____

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter was before the court on August 24, 2010, on the motion of Beneficial Mortgage Co. of Virginia (the "Movant"), for relief from the automatic stay with respect to the real property located at 1512 West Lane, Petersburg, VA 23803, and more particularly described as follows:

ALL THAT CERTAIN LOT OR PARCEL OF REAL, PROPERTY, WITH THE IMPROVEMENTS THEREON AND THE APPURTENANCES THERETO, BELONGING, LYING, BEING, AND SITUATE IN THE CITY OF PETERSBURG, VIRGINIA (FORMERLY IN THE COUNTY OF DINWIDDIE, VIRGINIA. FRONTING ON THE WEST SIDE OF WEST LANE AND RUNNING BACK THEREFROM IN A WESTERLY DIRECTION, AND BEING KNOWN, NUMBERED, AND DESIGNATED AS LOT NO. 4, IN BLOCK H, WESTERN HILLS, SECTION THREE ON A PLAT ENTITLED PLAT SHOWING PROPERTY OWNED BY HALLOWAY CORPORATION, SECTION (3) THREE OF SUBDIVISION KNOWN AS WESTERN HILLS, DATED JANUARY 26, 1962, MADE BY F. D. P. BRUNER. ENGINEER, A COPY OF WHICH IS RECORDED IN THE CLERKS OFFICE OF THE CIRCUIT COURT OF DINWIDDIE COUNTY, VIRGINIA IN PLAT BOOK 3, AT PAGE 130, REFERENCE TO SAID PLAT BEING HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE

Stephen B. Wood, VSB #26518
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463
*Attorney for the Movant*

PROPERTY CONVEYED HEREIN; SAID PROPERTY BEING KNOWN BY THE CURRENT STREET ADDRESS OF 1512 WEST LANE, PETERSBURG, VIRGINIA.,

Upon consideration of which, it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $1,294.21 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on October 1, 2010. Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment).

2. The debtor will cure the post-petition arrearage currently due to the movant through September 1, 2010 in the total amount of $6,071.05, which includes late charges, deferred late charges, filing fees and attorney's fees, by making the following payments:

    a. $1,011.84 on or before October 15, 2010.
    b. $1,011.84 on or before November 15, 2010.
    c. $1,011.84 on or before December 15, 2010.
    d. $1,011.84 on or before January 15, 2011.
    e. $1,011.84 on or before February 15, 2011.
    f. $1,011.84 on or before March 15, 2011.

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. cure the default;
        ii. file an objection with the court stating that no default exists; or

        iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e.    That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.    The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.    Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.    The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.    Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia

Date: _____    _____

United States Bankruptcy Judge

Entered on Docket: _____

**WE ASK FOR THIS:**

*/s/ Stephen B. Wood*
Stephen B. Wood, VSB #26518
Bierman, Geesing, Ward & Wood, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804)282-0463 (phone)
(804)282-0541 (facsimile)
*Counsel for the Movant*

**SEEN AND AGREED:**

*/s/ Richard James Oulton*
Richard James Oulton, Esq.
111 Higland Ave
Colonial Heights, VA  23834
*Counsel for the Debtor*

**SEEN:**

*/s/ Carl M. Bates*
Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

# **CERTIFICATION**

The undersigned certifies that:

1. The foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Standing Order No. 10-2 and that no modification, addition, or deletion has been made; and

2. The foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties and counsel herein pursuant to Local Rule 9022-1

                        */s/ Stephen B. Wood*
                        Stephen B. Wood
                        Attorney for the Movant

cc:

Bierman, Geesing, Ward & Wood, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229

Richard James Oulton, Esq.
111 Higland Ave
Colonial Heights, VA  23834

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218

Cheryl J. Davis aka Cheryl James Smith
1512 West Lane
Petersburg, VA  23803

Richard Anthony Smith aka Richard A. Smith
1512 West Lane
Petersburg, VA  23803

13MODIFY-EDVA